IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Roopalakshmi Sharadanant and Mahinda Ferdinando, | ) ) ) | |
| Plaintiffs, | ) ) ) | **OPINION AND ORDER DENYING MOTION TO DISMISS** |
| v. | ) ) | |
| United States Citizenship and Immigration Services (USCIS); Attorney General Michael Mukasey*; U.S. Department of Homeland Security, Michael Chertoff; Director of USCIS, Emilio T. Gonzalez; District Director of Nebraska Service Center; Gerard Heinauer, | ) ) ) ) ) ) ) ) | Civil No. 3:07-cv-54 |
| Defendants. | ) ) | |
| *Pursuant to Rule 25(d), Fed. R. Civ. P., the current Attorney General has been substituted for former Attorney General Alberto Gonzalez. | ) ) ) ) | |

Before the Court is the United States' Motion to Dismiss for Lack of Jurisdiction (Doc. #7). The Plaintiffs filed a Response to the Motion (Doc. #14) and resist dismissal.

**FACTS**

Plaintiff Roopalakshmi Sharadanant is a citizen of India and her husband, Plaintiff Mahinda Ferdinando, is a citizen of Sri Lanka. Ms. Sharadanant has an approved I-140 visa, filed by her employer, and therefore has status as an H-1B non-immigrant temporary worker. Her status is valid through December 28, 2009. Mr. Ferdinando also has status as an H-1B non-immigrant temporary worker, based on a visa filed by American Crystal Sugar Company. His status is valid through June 26, 2009.

On February 3, 2005, Plaintiffs filed I-485 Applications to Register Permanent Residence or Adjust Status, along with supporting documents, with the USCIS Nebraska Service Center. The applications have been received and are pending with the Citizenship and Immigration Service but the name and background checks have not been completed. Mr. Ferdinando's "derivative spouse" application may not be processed until after Ms. Sharadanant's application is completed. Plaintiffs bring this action, seeking the Court compel the Citizenship and Immigration Service to adjudicate the I-485 applications.

**ANALYSIS**

The United States argues this action should be dismissed pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction.

Dismissals based on lack of subject matter jurisdiction should be granted sparingly. Wheeler v. St. Louis Southwestern Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). However, "[w]hen it clearly appears that the court lacks jurisdiction, the court has no authority to reach the merits. In such a situation the action should be dismissed for want of jurisdiction." Melo v. United States, 505 F.2d 1026, 1030 (8th Cir. 1974).

When a motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P., is filed, the non-moving party may defeat such motion by making a prima facie showing of jurisdiction. Dakota Industries, Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). In the absence of a hearing, the Court must look at the facts in the light most favorable to the non-movant. Id. Both parties have fully briefed this issue, and those briefs do not reflect substantive disagreements as to the facts. Rather, resolution of the defendants' motion appears to be dependent on a yet-unsettled question of

2

law. The Court is cognizant of the abundant number district courts across the country that have considered the precise issue raised here, both prior to and since the Court's consideration of this issue in Zeng v. Upchurch, 2007 WL 2694253 (D.N.D. September 11, 2007). A large number of decisions have been handed down since Zeng that provide numerous interpretations of the legal questions and illustrate emerging trends. Considering these circumstances, the Court does not consider the Court's Order on the unopposed motion to dismiss in Zeng to be controlling. The issues will therefore be fully re-examined.

The Jurisdiction-Stripping Provision of the INA

It is well-established that a statute with a specific grant or limitation of jurisdiction takes precedence over a statute with a general grant or limitation of jurisdiction. Pulido v. Bennett, 848 F.2d 880, 886 (8th Cir. 1988). Plaintiffs' complaint alleges the Court has federal question jurisdiction under 28 U.S.C. § 1331 as well as jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, 706, and 551, and the Mandamus Act, 28 U.S.C. § 1361. This Court has jurisdiction under these statutes only if it is concluded that no other specific jurisdictional provision is applicable. See Pulido, 848 at 886. In this instance, the defendants argue a specific jurisdiction-stripping provision in the Immigration and Nationality Act divests this court of jurisdiction:

[N]o court shall have jurisdiction to review--

(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

(ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[1] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief

---

[1] "[T]his subchapter" as referenced in § 1252(a)(2)(B)(ii) refers to Subchapter II, which includes Sections 1151 through 1381 of Title 8. Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir. 2004).

under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added).

Adjustments of status are governed by 8 U.S.C. § 1255, which states status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . ." The Eighth Circuit has recognized that § 1252(a)(2)(B)(ii) strips courts of jurisdiction to review discretionary decisions. Onyinkwa, 376 F.3d at 799; Halabi v. Ashcroft, 316 F.3d 807, 808 (8th Cir. 2003); see also Regaldo-Garcia v. INS, 305 F.3d 784, 786 n. 2 (8th Cir. 2002) (concluding that court has no jurisdiction over discretionary decision). Judicial review of a ruling committed to the Attorney General's discretion is only permitted if that ruling raises constitutional or legal challenges. Grass v. Gonzales, 418 F.3d 876, 878 (8th Cir. 2005). Whether adjustment of status is a pure discretionary or constitutional-legal question was addressed by the Eighth Circuit in a recent unpublished opinion: "Adjustment of status is entirely within the discretion of the Attorney General." Xiong Huang v. Gonzales, 224 Fed.Appx. 554, 554 (8th Cir. 2007) (internal citations omitted). Thus, the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) trumps the general jurisdiction granted pursuant to 28 U.S.C. § 1331, the Mandamus Act, and the APA, as to adjustment decisions made by the Attorney General.

Although it appears at first blush that the Court is therefore without jurisdiction to address the claims presented by the Plaintiffs, the nuances between the situation here and the general case for which the jurisdiction-stripping provision was enacted require further examination. The argument has been advanced here, as it has been in many district courts[2], that there is a difference

---

[2]District courts around the country were more or less divided on this matter the last time this issues was addressed by the Court, some concluding there is jurisdiction to compel action on adjustment applications, see Linville v. Barrows, 489 F.Supp.2d 1278, 1281 (W.D. Okla. 2007); Haidari v. Frazier, 2006 WL 3544922 (D. Minn., Dec. 8, 2006); and others concluding there is not, see, Qiu v. Chertoff, 486

between review of the ultimate determination on an adjustment application and judicial intervention to force a determination when an application is pending. In other words, even if it is acknowledged that final agency "decisions" or "actions" are discretionary and precluded from review by the jurisdiction-stripping provision of § 1252(a)(2)(B), a separate discrete and distinct question is presented as to whether a Court has jurisdiction to order that *an* action be taken or *a* decision be made. "[T]he decision of whether to *grant* or *deny* an adjustment application is discretionary," but a different scenario is at issue when "Plaintiffs are only asking this Court to compel Defendants to make *any* decision." Haidari v. Frazier, 2006 WL 3544922, *4 (emphasis original). No statute provides the Attorney General with such discretion that he may refuse to make any decision; rather, the Attorney General has a mandatory duty to process such applications. Ansari, 2007 WL 4553920, *3; Asrani, 2007 WL 3521366, *2-3. Consistent with the majority of district courts in this circuit, the Court hereby finds the jurisdiction-stripping provision of § 1252(a)(2)(B) does not apply.

Having concluded the jurisdiction-stripping provision is inapplicable to the instant case, the question remains whether the Court has jurisdiction.

Jurisdiction under the Mandamus Act and the APA

Separate analyses determining whether the Court has jurisdiction under the Mandamus Act and/or the APA have been considered by other courts to be unnecessary because the two are coextensive. Zhu, 2007 WL 4365733, *1. A writ of mandamus may be granted in the Court's discretion and only in extraordinary situations, provided "(1) the petitioner can establish a clear and

---

F.Supp.2d 412 (D.N.J. 2007); Sharif v. Chertoff, 2007 WL 2045489 (N.D. Ill., July 18, 2007). However, recent opinions the district courts within the Eighth Circuit show a growing tendency to find courts have such jurisdiction. See Ansari v. United States Citizenship and Immigration Services, 2007 WL 4553920 (D. Neb., Dec. 18, 2007); Zhu v. Chertoff, 2007 WL 4365733 (W.D.Mo., Dec. 11, 2007); Asrani v. Chertoff, 2007 WL 3521366 (D. Minn. Nov. 14, 2007); Sawad v. Frazier, 2007 WL 2973833 (D. Minn., Oct. 9, 2007); Qijuan Li v. Chertoff, 2007 WL 2123740 (D. Neb., July 19, 2007).

indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (citing In re SDDS, Inc., 97 F.3d 1030, 1034 (8th Cir. 1996)). Similarly, to invoke jurisdiction under the APA, a party must show "(1) the agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting on that duty." Qijuan Li, 2007 WL 2123740, *2 (quoting Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63-65 (2004)).

Here, the simpler analysis is under the APA, which allows courts to "compel agency action unlawfully withheld or unreasonably delayed." Id.; 5 U.S.C. § 706(1). First, Defendants had a nondiscretionary duty to act. The APA requires prompt resolution of matters before administrative agencies, stating, "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Sawad, 2007 WL 2973833, *3. As applications for adjustment of status are processed, applicants "shall be notified of the decision of the director,"dictating that *a* decision must be made. Ansari, 2007 WL 4553920, *4. Second, Defendants unreasonably delayed in acting on that duty. Plaintiffs' applications were submitted in excess of two years ago. It appears that the background checks have been pending for almost two years (Doc. #8, pp. 3-4). The Court is unaware of any further activity that has taken place on these applications. Defendants state the post-9/11 environment necessitates such delays, and a lack of employment-based visa numbers required Plaintiffs' applications remain pending at least until the next fiscal year (Doc. #8-3, pp. 2-3). The Court does not find these excuses persuasive and concludes the delay is unreasonable. Asrani, 2007 WL 3521366 (holding a 15-month delay is unreasonable); Zhu, 2007 WL 4365733, *3 (holding a four-year delay is unreasonable).

Even if a two-year delay is not "unreasonable," this Court would have jurisdiction under the Mandamus Act, 18 U.S.C. § 1361.  First, the Plaintiffs can show a clear and indisputable right to have their applications processed.  They followed the procedures set forth by the Immigration and Naturalization Act, and even defendants appear to concede that the plaintiffs are entitled to a decision at some point.  Second, as previously established herein, the defendants have a nondiscretionary duty to honor the petitioners' right to have their applications processed.  Finally, the petitioners have no other adequate remedy.  No other avenues exist to challenge the delay or accelerate the process.  Plaintiffs' only real alternative is to attempt to maintain the status quo, awaiting the processing of their applications while renewing their visas as needed, which appears to be an expensive and unreasonable option.

## DECISION

Adjustment of status determinations are discretionary and left to the Attorney General; however, there is a non-discretionary duty to make a determination.  Consistent with the majority of district courts within the Eighth Circuit, it is hereby concluded that the Court has subject matter jurisdiction over this case.  The Defendants' motion to dismiss is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 13th day of February, 2008.

                                                             /s/   *Ralph R. Erickson*
                                                    Ralph R. Erickson, District Judge
                                                    United States District Court